IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VISION SECURITY, LLC, a Utah Limited Liability Company, ROB HARRIS, an individual<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES, LLC, an Arizona Limited Liability Company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No. 2:13-CV-00926<br><br>Judge Clark Waddoups |

## I. INTRODUCTION

This matter is before the court on Xcentric Ventures, LLC's ("Xcentric") Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. No. 15.) After carefully reviewing the parties' filings and relevant legal authorities, Defendant's Motion to Dismiss is DENIED for the reasons set forth below.

## II. BACKGROUND

Vision Security is a limited liability corporation organized under the laws of the State of Utah, with its corporate headquarters in Orem, Utah. Harris is an individual living and residing in Utah. On March 4, 2010 Anthony Rees ("Rees") posted statements about Harris, Vision Security, Vision Satellite, Daniel Rodriguez and others on the website Ripoff Report located at www.ripoffreport.com and operated by Xcentric, an Arizona-based limited liability corporation. Rees subsequently indicated by way of Affidavit that the comments he made on the website were

untrue, and that he made the postings to misinform other salespeople and consumers. Rees provided notice to Xcentric about the falsity of his postings and requested that they be removed from Ripoff Report. Because Xcentric has refused to take down the posts, Vision Security and Harris filed a complaint alleging: (1) a violation of the Lanham Act, (2) a violation of the Utah Deceptive Trade Practices Act, (3) defamation, (4) libel, (5) tortious interference with prospective economic relations, (6) declaratory judgment, and (7) injunctive relief. (Dkt. No. 2.)

### III.    ANALYSIS

Xcentric moves the court to dismiss the Plaintiffs' Complaint asserting that it is not subject to personal jurisdiction in this District based on Federal Rule of Civil Procedure 12(b)(2). (Dkt. No. 5.) When contested, the plaintiff has the burden of proving that jurisdiction exists. *See Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995). Where there has been no evidentiary hearing and the court considers the motion to dismiss on the basis of affidavits and other written materials, the plaintiff has the light burden of needing only to make a prima facie showing. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). In determining whether such a showing exists, the court is to accept the allegations in the complaint as true and resolve all factual disputes in the plaintiff's favor. *See Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz*, 55 F.3d at 1505.

To establish personal jurisdiction over Xcentric, Plaintiffs must show, first, that jurisdiction is authorized under Utah law, and, second, that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *See Far West Capital*, 46 F.3d at 1074. The Utah Supreme Court has held that "any set of circumstances that satisfies due process

will also satisfy the long-arm statute." *SII MegaDiamond, Inc. v. Am. Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998). "This collapses the Utah standard into the more general 'due process' standard for jurisdiction." *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

**A.      Minimum Contacts**

The first step in this analysis is to determine whether Xcentric had "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The minimum contacts test is satisfied "by showing that (1) the defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities." *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010) (citations omitted) (internal quotation marks omitted).

In this case, the Plaintiffs rely on *Zippo Manufacturing Co. v. Zippo DOT Com, Inc.*, 952. F. Supp. 1119 (W.D. Pa. 1997) in support of their argument that Xcentric has established minimum contacts through its operation of the website Ripoff Report, which is accessible to Utah residents. Plaintiffs contend: (1) that the Ripoff Report is an interactive website because it advertises a product—the Corporate Advocacy Program—for which customers are able to sign up through the site and communicate back and forth with Xcentric in relation to the enrollment process, (2) that the website has an editorial component, with various pages created and published by Xcentric that provide information to consumers, and (3) that the website contains advertisements. (Pl.'s Opp. Def.'s Mot. Dismiss, 5–9 [Dkt. No. 10].)

However, although "[a]n 'interactive website' can establish jurisdiction when a defendant clearly conducts business through its website[,] . . . courts have looked to find <u>'something more'</u> that creates actual acts directed at the forum state other than the mere existence of an interactive

3

website." *Xactware, Inc. v. Symbility Solution Inc.*, 402 F. Supp. 2d 1359, 1363–1364 (D. Utah 2005) (emphasis in original) (citations omitted); *see also Buckles v. Brides Club, Inc.*, 2010 U.S. Dist. LEXIS 82154, 18–22 (D. Utah Aug. 10, 2010). That requirement is met here through the Plaintiffs' allegations that Xcentric travels to Utah for the purpose of recruiting potential companies to sign up for its Corporate Advocacy Program and to advertise on its site.[1] (Pl.'s Opp. Def.'s Mot. Dismiss, 5 [Dkt. No. 10].) Those actions constitute actual acts directed at the forum state, which, coupled with the interactive component of Xcentric's website, suffice to establish minimum contacts.

Moreover, the Plaintiffs' injuries relate, in part, to Xcentric's contacts with the forum (its travels to Utah for its Corporate Advocacy Program). In their fifth cause of action for Tortious Interference with Prospective Economic Relations, the Plaintiffs' allege that Xcentric's decision to publish the posting was for the improper purpose of extorting money from them. (Compl., ¶¶ 87–88, 100.) They argue that instead of removing the statements at issue, Xcentric solicited Vision Security to pay a fee and join the Corporate Advocacy Program in order to rebut the posted content and contend that such conduct amounts to an act of extortion. (Pl.'s Opp. Def.'s Mot. Dismiss, 10–11 [Dkt. No. 10].) The court is therefore satisfied that it has specific personal jurisdiction over Xcentric.

**B.     Due Process**

Having determined that Xcentric meets the minimum contacts test, the court must also ascertain that the exercise of personal jurisdiction over Xcentric does not offend "traditional notions of fair play and substantial justice." *OMI Holdings, Inc. v. Royal Ins. Co. Of Canada*, 149

---

[1] Xcentric contends that it does not conduct any business in Utah. (Def.'s Mot. Dismiss, 2 [Dkt. No. 5].) However, because this is a factual dispute, it must be resolved in favor of Plaintiffs. *See Rambo*, 839 F.2d at 1417.

F.3d 1086, 1091 (10th Cir. 1998). In making such an inquiry, the court considers the following factors:

> (1) the burden on the defendant, (2) the forum state's interests in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Id.* at 1095 (citing *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987)).

The burden on Xcentric to litigate in Utah will undoubtedly be greater than if this case were brought in Arizona. Even so, as Arizona is a neighboring state, the close geographic proximity with the forum state together with advances such as the electronic filing system and the ability to appear telephonically or by video conferencing substantially mitigate this burden. On the other hand, this court has an interest in litigating this matter, given that the claims will, in part, invoke Utah state law. There do not appear to be any specific issues presented in this case that would create an interest in the Arizona courts to try the case there. As the plaintiffs reside in Utah and Xcentric meets the minimum contacts requirement with the state, it appears that Utah is the most efficient place to litigate the dispute. Finally, it is not clear that this action implicates any interstate social policy.

As a result, the court finds that jurisdiction over Xcentric is proper in this matter.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. No. 5.)

SO ORDERED this 14th day of February, 2014.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge