R. BRETT EVANSON (USB #12086)
BRADLEY J. WEBER (USB #12273)
**EVANSON WEBER, PLLC**
2975 W. Executive Parkway, Suite 201
Lehi, UT 84043
Telephone: (801) 753-8084
Facsimile: (801) 407-1639
brett@evansonweber.com
brad@evansonweber.com
*Attorneys for Plaintiffs*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| VISION SECURITY, LLC, a Limited Liability Company; ROB HARRIS, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> XCENTRIC VENTURES, LLC, an Arizona Limited Liability Company; <br><br> Defendant. | **MOTION TO STRIKE DEFENDANT'S MOTION TO ALTER JUDGMENT OR IN THE ALTERNATIVE TO CERTIFY FOR INTERLOCUTORY APPEAL** <br><br> Case No. 2:13-CV-00926-CW <br><br> Judge: Clark Waddoups |

Plaintiffs Vision Security, LLC ("Vision") and Rob Harris ("Harris"), by and through counsel of record, submit this Motion to Strike Defendant's Motion to Alter Judgment or in the Alternative to Certify for Interlocutory Appeal. Plaintiffs seek this relief based on Defendant's failure to follow the requirements of DUCivR 7-1. Defendant's Motion to Alter Judgment or in the Alternative to Certify for Interlocutory Appeal ("Defendant's Motion") exceeds the mandatory page restrictions, and Defendant failed to seek leave of the Court to file an overlength motion.

Defendant's failure to follow the United Stated District Court for the District of Utah Rules of Practice prejudices Plaintiffs, as it requires Plaintiffs to chose between one of the following options: 1) Comply with the local rules regarding length of memoranda and be deprived of the same opportunity to argue as Defendants; or 2) Violate the local rules and file a memorandum that exceeds the length restrictions. Plaintiffs should not be forced to choose between two unsatisfactory options just because Defendant failed to follow the applicable rules.

As such, Plaintiffs respectfully request the Court strike Defendant's Motion and not consider, or grant, the relief requested therein.

## ARGUMENT

## I.   DEFENDANT'S MOTION FAILS TO COMPLY WITH DUCivR 7-1 AND SHOULD BE STRICKEN.

The United Stated District Court for the District of Utah Rules of Practice set forth specific rules and guidelines that must be followed in order to practice before this Court. These rules provide specific instruction regarding filing motions. Specifically, DUCivR 7-1 sets forth requirements regarding form, content and length for all motions filed with the Court. DUCivR 7-1(a)(3)(A) explicitly provides that "[m]otions filed pursuant to Fed. R. Civ. P. 12(b), 12(c), 56 and 65 must not exceed twenty-five (25) pages." The rule goes on to explain that "[a]ll motions that are not listed above must not exceed ten (10) pages." DUCivR 7-1(a)(3)(B).

Defendants filed their Motion to Alter Judgment or in the Alternative to Certify for Interlocutory Appeal pursuant to Rule 59(e). As a result, Defendant's Motion must conform to the page restrictions set forth in DUCivR 7-1(a)(3)(B) and "must not exceed ten (10) pages, exclusive of any of the following items: face sheet, table of contents, statement of precise relief

sought and grounds for relief, concise introduction and/or background section, statements of issues and facts, and exhibits." Defendant's Motion fails to comply with this requirement because it consists of eighteen (18) total pages, and begins its argument section on page three (3). Defendant's argument continues until the end of page seventeen (17), consisting of over fourteen (14) pages of argument. This calculation excludes the section labeled "INTRODUCTION" despite these additional two (2) pages containing argument supporting Defendant's Motion.

If Defendant felt it absolutely necessary to file a motion and memorandum that exceeded the ten (10) page limit, it could have sought leave from the Court pursuant to DUCivR 7-1(e). Such requests are only approved "for good cause and a showing of exceptional circumstances." DUCivR 7-1 (e). "Absent such a showing, such requests will not be approved. A lengthy motion or memorandum *must not be filed with the clerk prior to entry of an order authorizing its filing*." *Id.* (emphasis added). Defendant did not seek leave to file its over-length motion, failed to show good cause, failed to demonstrate any exceptional circumstances, and violated the rule by filing its over-length motion prior to entry of an order authorizing such action. The instructions in DUCivR 7-1 are clear and require that a party **must** comply with the length requirements.

Defendant did not file such a request with the Court because Defendant cannot show "good cause" or "exceptional circumstances." Such is the case as Defendant's Motion is essentially a regurgitation of the arguments made in its motion to dismiss. There are no new facts or arguments presented in Defendant's Motion that were not previously addressed and argued in the motion to dismiss. Further, Defendant argues in the improperly filed motion that a reason the Court should reconsider its ruling is to prevent an "unnecessary drain on both private

and public funds." *See* Defendant's Motion at pg. 3. In reality, Defendant's failure to comply with DUCivR 7-1, and its improper attempt to re-argue a previously denied motion are the real drain.

Defendant's failure to comply with DUCivR 7-1 requires that Defendant's Motion must be stricken. Plaintiffs respectfully request the Court take this action, and prevent the prejudice that would enure to Plaintiffs if Defendant were permitted to disregard the applicable rules.

<u>**CONCLUSION**</u>

Based on the foregoing, Plaintiffs respectfully request the Court strike Defendant's Motion to Alter Judgment or in the Alternative to Certify for Interlocutory Appeal from the record, and that the Court refuse to consider the improperly filed motion.

Signed and Dated this _____ day of October, 2014.

EVANSON WEBER, PLLC


_____/s/ R. BRETT EVANSON_____
R. BRETT EVANSON
BRADLEY J. WEBER
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October, 2014, I caused to be served a true and correct copy of the foregoing Motion to Strike Defendant's Motion to Alter Judgment or in the Alternative to Certify for Interlocutory Appeal, via the Court's CMECF filing system, on the following:

Jason Webb
Philip Matthews
Webb Law Group
1204 W. South Jordan Parkway Suite B2
South Jordan, UT 84095

Adam S. Kunz
ask@jaburgwilk.com


___/s/___R. Brett Evanson_____
R. Brett Evanson