IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VISION SECURITY, LLC, ,<br><br>     Plaintiff,<br>v.<br><br>XCENTRIC VENTURES, LLC.,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR RELEASE OF VEHICLE RECORDS AND DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATIVE SERVICE<br><br>Case No. 2:13-cv-926<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

   Before the court are two motions both filed by Defendant Xcentric Ventures, LLC (Xcentric). Xcentric first moves the court for an order allowing it to serve via certified mail a subpoena to Anthony Rees to "Produce Documents and Testify at a Deposition in a Civil Action."[1] Xcentric argues alternative service is warranted here because Defendant has "attempted to serve Mr. Rees in person sixteen separate times at the address Mr. Rees gave as his current home address."[2] Xcentric also seeks an order releasing the vehicle records of Anthony Rees.[3] As set forth below the court grants the motion to release vehicle records and denies without prejudice the motion for alternative service.

   Based upon Rule 7 of the Federal Rules, Utah Code § 41-1a-116[4] and 18 U.S.C. § 2721,[5] Xcentric seeks an order releasing the vehicle records of Anthony Rees. Xcentric argues it is

---

[1] Mtn for Alternative Service p. 2, docket no. 76.

[2] *Id.*

[3] Mtn for order releasing vehicle records, docket no. 77.

[4] Utah Code Ann. § 41-1a-116 ("(1)(a) All motor vehicle title and registration records of the division are protected unless the division determines based upon a written request by the subject of the record that the record is public.(b)

entitled to these records because despite its best efforts, Defendant has been unable to serve Mr. Rees who is a key witness in this case. Xcentric seeks to serve Mr. Rees with a "subpoena to produce documents and appear for a deposition."[6] Mr. Rees allegedly made a defamatory statement that gave rise to Plaintiff's claims in this case.

Under Utah law access to motor vehicle records "is permitted for all purposes in the federal Driver's Privacy Protection Act" (DPPA).[7] The DPPA provides that personal information may be disclosed for "use in connection with any civil . . . proceeding in any Federal, State, or local court . . . including the service of process."[8] Xcentric sought this information previously but was denied and told by the Utah State Tax Commission that an order signed by a judge is necessary. The court will grant Xcentric's motion based upon its prior efforts to serve Mr. Rees. Additionally, the court finds the requirements of the DPPA and Utah Code § 41-1a-116 are met.

Because the court will allow Xcentric another avenue to try and serve Mr. Rees it will at this time deny without prejudice the Motion for Alternative Service. If Xcentric's efforts via the motor vehicle records prove unfruitful it may bring the motion again.

---

In addition to the provisions of this section, access to all division records is permitted for all purposes described in the federal Driver's Privacy Protection Act of 1994, 18 U.S.C. Chapter 123.").

[5] 18 U.S.C.A. § 2721 ("(b) Permissible uses.--Personal information referred to in subsection (a) shall be disclosed for use in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls, or advisories, performance monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records from the original owner records of motor vehicle manufacturers to carry out the purposes of titles I and IV of the Anti Car Theft Act of 1992, the Automobile Information Disclosure Act (15 U.S.C. 1231 et seq.), the Clean Air Act (42 U.S.C. 7401 et seq.), and chapters 301, 305, and 321-331 of title 49, and, subject to subsection (a)(2), may be disclosed as follows: . . . (4) For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.").

[6] Mtn for order releasing vehicle records, p. 2.

[7] Utah Code Ann. § 41-1a-116.

[8] 18 U.S.C. § 2721(4).

ORDER

It is therefore ORDERED that Xcentric's Motion for Order Releasing Vehicle Records is GRANTED.  The Utah State Tax Commission is ORDERED to provide the motor vehicle information for Anthony Rees for use in this court proceeding.

IT IS FURTHER ORDERED that Xcentric's Motion for Alternative Service is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 12 May 2016.

Brooke C. Wells
United States Magistrate Judge