R. BRETT EVANSON (USB #12086)
BRADLEY J. WEBER (USB #12273)
**EVANSON WEBER, PLLC**
62 N. Grant Ave., Suite 100
American Fork, UT 84003
Telephone: (801) 753-8084
Facsimile: (801) 407-1639
brett@evansonweber.com
brad@evansonweber.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| VISION SECURITY, LLC, a Limited Liability Company; ROB HARRIS, an individual,<br><br>  Plaintiffs,<br>  vs.<br><br>XCENTRIC VENTURES, LLC, an Arizona Limited Liability Company;<br><br>  Defendant. | **MOTION TO COMPEL DEPOSITION OF ED MAGEDSON**<br><br>Case No. 2:13-CV-00926-CW<br><br>Judge: Jill N. Parris<br><br>Magistrate Judge: Brooke C. Wells |

Vision Security, LLC and Rob Harris ("Plaintiffs"), pursuant to Fed.R.Civ.P. 30 and 37, hereby submit this motion to compel the deposition of Ed Magedson, founder of Xcentric Ventures, LLC ("Defendant" or "Xcentric").

### Background

Xcentric served its initial disclosures on Plaintiffs in December 2014. Xcentric identified three employees of Vision Security, LLC and only one Xcentric employee. The Xcentric employee named is Ed Magedson ("Magedson"). Defendant's disclosures state that Magedson

would "testify about Xcentric's business practices and any communications with Vision Security and Mr. Rees." *See* section I, paragraph 4 of *Xcentric Venture's Initial Disclosure Statement*, attached and incorporated at "Exhibit 1."

Plaintiffs' counsel contacted Defendant's counsel about deposing Magedson. Defendant's counsel repeatedly communicated Defendant's refusal to produce Magedson for a deposition. *See* emails between counsels dated March 28, 2016; April 27, 2016; and May 6, 2016; attached and incorporated as "Exhibit 2." Plaintiffs have not yet officially served their Rule 30(b)(6) Notice of Deposition on Defendant because Defendant insists on the depositions being taken in Arizona. Plaintiffs' counsel does not want to make multiple trips out of state to take depositions and expose his clients to those additional costs. Plaintiffs seek an order from the Court requiring Magedson to appear for a deposition to take place on consecutive days with the Rule 30(b)(6) representative.

### An Order Compelling Defendant to Produce Magedson to Testify is Appropriate

A party to a lawsuit is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P.26(b). A party may obtain this information via oral depositions. *See* Fed.R.Civ.P. 30. Plaintiffs seek to take the deposition of Magedson who is the founder of Xcentric, and the sole employee named in Xcentric's Initial Disclosures. Magedson is also the author of several of the emails produced by Xcentric as part of its discovery responses. Magedson clearly has information that is relevant to the Plaintiffs' claims, as Xcentric admits as much in its Initial Disclosures. Despite Xcentric identifying Magedson as a potential witness, and the sole employee of the company identified in their Initial Disclosures, Xcentric refuses to produce Magedson for a deposition.

In order to refuse to produce a corporate executive for a deposition, the company has the burden to prove that "(1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought from the executive can be obtained from another witness; (3) the information sought from the executive can be obtained through an alternative discovery method; or (4) sitting for the deposition is a severe hardship for the executive in light of his obligations to his company." *Asarco LLC v. Noranda Mining, Inc.*, No. 2: 12-cv-00527 (D. Utah Apr. 28, 2015).

In response to Plaintiffs' request that they depose Magedson, Defendant's counsel replied that Magedson has no unique personal knowledge of the matter in dispute. *See* Exhibit 2. However, this contradicts Defendant's previous discovery responses. Xcentric produced several emails authored by Magedson in response to discovery requests. These emails consist of communications by Magedson with the Plaintiffs regarding the post in question and the Corporate Advocacy Program. Both of these topics are central to Plaintiffs' claims. Further, Magedson is the only Xcentric witness that Defendant named in its Initial Disclosures, and Xcentric specifically stated that Magedson would "testify about Xcentric's business practices and any communications with Vision Security and Mr. Rees." *See* Exhibit 1. This statement implies that Magedson had communications with Vision Security and Mr. Rees, and Plaintiffs should be permitted to question Magedson with respect to these topics. If there were other witnesses that could give testimony as to the same facts as Magedson, surely Defendant would have complied with the discovery requirements and disclosed those individuals, but no other potential witnesses were disclosed or identified.

Magedson is also the only person that can testify to his communications with Anthony Rees and Plaintiffs, and the reasons for which he refused to remove a defamatory post that he personally knew about.  Defendant's proposed Rule 30(b)(6) witness does not have personal knowledge of Magedson's communications with Rees and Plaintiffs, which is a key element of this case.  Magedson is the only person that can testify as to the content and his understanding of the emails and other communications exchanged between him, Plaintiffs, and Rees.

This information cannot be obtained through an alternative discovery method.  Magedson is the author of multiple emails sent to Plaintiffs regarding the defamatory post and the Corporate Advocacy Program, that are key components of this lawsuit.  The only way that Plaintiffs can obtain additional information with respect to the email communications sent by Magedson to Plaintiffs is via a deposition.  Defendant's Initial Disclosures also instruct that Magedson should be contacted via Defendant's counsel. *See* Exhibit 1.  However, Defendant has now changed its position once Plaintiffs requested a deposition, and is claiming that it is not authorized to accept service on Magedson's behalf.  This is a clear attempt to hide Magedson and should not be permitted.  The Court should hold Defendant's counsel to its initial representation and allow Plaintiffs to contact Magedson through Defendant's counsel to set the deposition.

Finally, sitting for his deposition will not be a severe hardship in light of his obligations to his company.  The fact that Defendant named him as a trial witness proves that he is available to give testimony by Defendant's own admission.  It is common practice among attorneys practicing in federal court to depose fact witnesses before trial.  Defendant must have been aware of the necessity of Magedson's deposition when it named him as a trial witness in its Initial Disclosures.  Furthermore, Plaintiffs have agreed to conduct the depositions in Arizona at a

location convenient to Magedson.  As a result, there will be no travel hardship or unreasonable time commitment.

Xcentric should not be permitted to hide Magedson from a deposition when he was disclosed by Xcentric as a witness, and the only witness from their company.  Magedson has key information relevant to this matter, and Plaintiffs are entitled to discover that information.  Xcentric cannot point to any justifiable reason as to why Magedson should not be deposed.  As a result, the Court should grant Plaintiffs' request to order the deposition of Magedson.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court order Defendant to produce Ed Magedson at a time and place agreeable to the parties so that his deposition might be taken on the day immediately preceding or following the day on which Defendant's Rule 30(b)(6) witness is deposed.

Signed and Dated this 17th day of May, 2016.

EVANSON WEBER, PLLC


    /s/ R. BRETT EVANSON
R. BRETT EVANSON
BRADLEY J. WEBER
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2016, I caused to be filed via the Court approved CM/ECF system the forgoing First Amended Complaint which caused the same to be served on the following:

Jeffrey J. Hunt
Rachel L. Wertheimer
Parr Grown Gee & Loveless

Adam S. Kunz
Aaron K. Harr
Maria Crimi Speth
Jaburg & Wilk

       /s/  R. Brett Evanson
      R. Brett Evanson