IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VISION SECURITY, LLC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> XCENTRIC VENTURES, LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL <br><br> Case No. 2:13-cv-926 JNP <br><br> District Judge Jill Parrish <br><br> Magistrate Judge Brooke Wells |

Before the Court are Plaintiffs, Vision Security, LLC and Rob Harris' Motion to Compel the Deposition of Ed Magedson.[1] Plaintiffs filed their motion on May 17, 2016, and as of the date of this decision there has been no opposition filed. For the reasons set forth below the Court GRANTS the motion.

Defendant Xcentric Ventures, LLC served its initial disclosures on Plaintiffs in December 2014.[2] In these disclosures Edward Magedson was listed as a person likely to have discoverable information and as a possible witness. Mr. Magedson "is expected to testify about Xcentric's business practices, and any communications with Vision Security and Mr. Rees."[3] Mr. Magedson is the founder of Xcentric and "the sole employee named in Xcentric's Initial Disclosures."[4] Plaintiffs' counsel contacted Defendant's counsel requesting to depose Mr. Magedson. The request was denied because according to Defendant's counsel Mr. Magedson

---

[1] Docket no. 79.

[2] Initial disclosures, docket no. 79-1.

[3] *Id.* at p. 2.

[4] Mtn. p. 2.

"has no unique personal knowledge of the matter in dispute."[5] Plaintiffs argue this contradicts Defendant's own discovery responses. The Court agrees with Plaintiffs' argument.

Parties to a lawsuit are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[6] And a party may obtain this information via oral depositions.[7] Based on the record before the Court, Mr. Magedson fits within these rules of discovery. Plaintiffs' motion to compel his deposition will therefore be granted.

In addition Local Rule 7-1(d) provides that if a party fails to respond timely to a motion the Court may grant the motion without further notice.[8] Plaintiffs filed their motion on May 17, 2016, and the time to respond has passed. This is an independent basis to grant the motion.

ORDER

It is HEREBY ORDERED that Plaintiffs' Motion to Compel Deposition of Mr. Magedson is GRANTED. The parties are ORDERED to work together to find a convenient time to depose Mr. Magedson in Arizona.

DATED this 11 July 2016.

Brooke C. Wells
United States Magistrate Judge

---

[5] Mtn. p. 3 (citing to Ex. 2 attached to the motion).

[6] Fed. R. Civ. P. 26(b).

[7] *See* Fed. R. Civ. P. 30.

[8] DUCivR. 7-1(d) (2015).